**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JONATHAN LEE RODERICK,

        Petitioner-Appellant,

v.

BRUCE A. SALZBURG, Attorney
General, State of Wyoming, and
ROBERT O. LAMPERT, Director,
Wyoming Department of Corrections,

        Respondents-Appellees.

No. 09-8000

(D. of Wyo.)

(D.C. No. 1:08-CV-00183-CAB)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Jonathan Lee Roderick, a state prisoner appearing pro se,[1] seeks a

certificate of appealability (COA), *see* 28 U.S.C. § 2253(c), allowing him to

appeal the order of the district court denying his petition for a writ of habeas

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Roderick proceeds pro se, we construe his pleadings liberally. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

corpus filed pursuant to 28 U.S.C. § 2254. Because we determine Roderick has not established that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect," *Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we DENY a COA and DISMISS the appeal.

## I. Background

Roderick was convicted in Wyoming state court of felony murder, aggravated burglary, and unauthorized use of a vehicle. The Wyoming Supreme Court affirmed Roderick's conviction in 1993, except as to the judgment and sentence, which it modified by vacating a fifteen to twenty-five year term for aggravated burglary. *See Roderick v. State*, 858 P.2d 538, 541 (Wyo. 1993).

Roderick then filed a state court petition for post-conviction relief in 2007. That petition was denied by the Wyoming state courts. Finally, in 2008 Roderick filed a Petition for Writ of Review, which the Wyoming Supreme Court also denied.

Roderick filed the instant § 2254 petition in federal district court in July 2008. The district court concluded the petition was time-barred and dismissed the case. *See* 28 U.S.C. § 2244(d). This appeal followed.[2]

---

[2] We conclude Roderick timely filed his notice of appeal under the applicable rules. *See* Fed. R. App. P. 4(c)(1); *see also Price*, 420 F.3d at 1164–67.

## II. Discussion

Where a district court dismisses a § 2254 petition on procedural grounds, a petitioner seeking a COA must establish that reasonable jurists would find it debatable both whether the district court was correct in its procedural ruling, and whether the petition states a valid claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85; *Fleming v. Evans*, 481 F.3d 1249, 1254–56 (10th Cir. 2007). If a procedural bar is present and the district court correctly invokes it to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Because reasonable jurists could not debate the propriety of the district court's dismissal of this case as time-barred, we decline to issue a COA.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on habeas petitions by state prisoners. § 2244(d)(1). Because AEDPA became effective on April 24, 1996—after Roderick's state conviction became final—Roderick had until April 24, 1997 to file a timely petition for a writ of habeas corpus. *See Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (holding the one-year limitations period began to run on April 24, 1996 for prisoners whose convictions became final before the effective date of AEDPA).

Roderick admits that he filed his § 2254 petition after the AEDPA time limitation had expired. He asks us, however, to equitably toll the AEDPA limitation for three reasons, (1) excusable neglect, (2) his lack of knowledge of the legal process available to him or of AEDPA, and (3) his placement in facilities with few law library materials. He complains that he was only fifteen years old when he was convicted of his crime, and that he had no knowledge of the law and a very limited understanding of the proceedings. He argues the interests of justice demand the rehearing of his case.

The AEDPA statute of limitations is subject to equitable tolling in cases where extraordinary circumstances outside of the prisoner's control lead to delay in filing. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is appropriate, however, only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.*; *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" (citation omitted)). We have limited equitable tolling of the one-year limitations period to "rare and exceptional" circumstances. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare

-4-

remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."); *Gibson,* 232 F.3d at 808.

Reasonable jurists could not debate the propriety of the district court's determination that equitable tolling was inappropriate in this case. Indeed, Roderick's arguments do not excuse his lengthy delay in seeking federal relief. Instead, we have repeatedly rejected equitable tolling arguments along these lines. For example, in *Marsh* we held that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." 223 F.3d at 1220–21 (internal quotation marks and citation omitted). Roderick offers us no reason to depart from the general rule in his case. Moreover, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Additionally, Roderick's conclusory claim as to inadequate access to legal materials is insufficient to account for the long delay. *See id.; see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ( "[Petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal [habeas] claims. It is not enough to say that the [state prison] facility lacked all relevant statutes and case law. . . . It is apparent that [petitioner] simply did not know about the limitation in the AEDPA until it was too late." (citations omitted)). "[A] petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is

not enough to support equitable tolling." *Gibson*, 232 F.3d at 808; *see also Yang*, 525 F.3d at 930; *cf. Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009).[3]

Consequently, Roderick's failure to timely pursue his claims is not excused by excusable neglect, his ignorance of the law, or alleged deficiencies in the prison law libraries. Accordingly, this case does not present one of those "rare and exceptional circumstances" in which the untimely filing of a federal habeas petition should be equitably excused. *Gibson*, 232 F.3d at 808.

### III. Conclusion

Because no jurists of reason would find it debatable whether the district court was correct in its procedural ruling, we deny Roderick's application for a COA and dismiss this appeal.

Roderick's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[3] To the extent Roderick complains that he could not afford counsel to assist him, we note that he has no constitutional right to counsel for habeas appeals. *See Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 134 (2008); *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006).