FILED
United States Court of Appeals
Tenth Circuit

June 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS WARREN,

          Petitioner - Appellant,

v.

KEVIN MILYARD; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

          Respondents - Appellees.

No. 11-1083

(D. Colorado)

(D.C. No. 1:10-CV-02557-LTB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Louis Warren, a prisoner of the State of Colorado, filed an application for relief under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. The court found that the application was barred by the one-year limitations period of 28 U.S.C. § 2244(d), dismissed the application, and refused to grant Defendant a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 relief). Defendant seeks a COA from this court. We grant his motion to proceed *in forma pauperis* but deny his application for a COA and dismiss the appeal.

## I. BACKGROUND

Defendant pleaded guilty to racketeering in Colorado state court and was sentenced on June 3, 2005, to 29 years' imprisonment. He did not appeal his conviction or sentence.

On June 29, 2005, Defendant filed a motion under Colo. R. Crim. P. 35(b) for sentence reconsideration but requested a delayed ruling. On April 3, 2006, he sought postconviction relief under Colo. R. Crim. P. 35(c), although he still had not requested a final ruling on the motion for sentence reconsideration. The state trial court denied the 35(c) motion on April 30 and he appealed. The Colorado Court of Appeals dismissed the appeal on August 3. On September 22 Defendant renewed his motion for sentence reconsideration and the state trial court denied it on September 28, 2006. Although Defendant designated a record for appealing the denial of his motion, he never filed a notice of appeal.

On May 23, 2008, approximately 20 months after the final denial of his previous motions, Defendant again moved for relief under Rule 35(c). The state trial court denied the motion on June 1. Defendant then filed a motion to correct an illegal sentence on March 9, 2009, *see* Colo. R. Crim. P. 35(a), and the trial court denied the motion on March 12. He appealed the denial of the 35(a) motion, but the Colorado Court of Appeals affirmed on May 20, 2010, and the Colorado Supreme Court denied certiorari on September 7.

Defendant filed his application under § 2254 on October 20, 2010. The State argued that the application was barred by the one-year limitations period and the district court agreed, dismissing the case on February 9, 2011.

## II.    DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Defendant was sentenced on June 3, 2005. He did not file an appeal, so his one-year limitations period would ordinarily begin to run when the time for appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A). Because Colorado allows 45 days to appeal, *see* Colo. App. R. 4(b)(1), that date was July 18, 2005. The limitations period may be tolled, however, while an application for postconviction or other collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2).

We therefore will assume that Defendant's limitations period was tolled from June 29, 2005, when he filed his motion for sentence reconsideration, until that motion was denied on September 28, 2006. The limitations period thus began to run on September 29, 2006, when there were no pending postconviction proceedings; and Defendant's time to file a § 2254 application expired on September 29, 2007. Accordingly, the limitations period had already expired when he filed additional state postconviction motions in 2008 and 2009, and the limitations period could not be further tolled. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001). Defendant's § 2254 application filed in October 2010 was well outside the limitations period.

Defendant makes three arguments that his application is nevertheless not time-barred. First, he argues that because his most recent state-court motion was not finally resolved until September 2010, the § 2254 limitations period should have been tolled until then. But, as previously noted, the limitations period had already expired when that motion was filed on March 9, 2009. There was no pending state motion between September 28, 2006, and May 23, 2008.

Second, Defendant claims that he is entitled to equitable tolling. This argument is waived because he did not advance it in district court. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (arguments for § 2254 relief not raised in district court will not be considered on appeal). Moreover, no reasonable jurist could conclude that Defendant is entitled to equitable tolling.

"Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks omitted). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Id.* (brackets and internal quotation marks omitted). Defendant cannot show any extraordinary circumstances justifying equitable tolling. Although he states that he was denied counsel to help him seek state and federal postconviction remedies, prisoners have no constitutional right to counsel in habeas proceedings, *see Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), and denial of an attorney cannot be an extraordinary circumstance.

Defendant also asserts that he is entitled to equitable tolling on the ground that he was the victim of several clerical errors by staff in the state court. In particular, he presents evidence that a transcript of a providency hearing was filed late in state court because the court reporter mistakenly thought that he had not paid for transcription. But the error related to Defendant's state-court appeal in 2009, after the § 2254 limitations period had already expired. He does not provide any reason why the delayed filing of the transcript in a state proceeding prevented him from bringing a timely § 2254 application; he only claims that the confusion led to dismissal of his state-court appeal.

Defendant's third argument is that the statute of limitations for § 2254 applications does not apply to him because he was not provided counsel in his state-court postconviction proceedings. Again, this issue was waived because it was not presented to the district court. *See Parker*, 394 F.3d at 1307. And it also lacks any merit. Defendant relies on 28 U.S.C. §§ 2261–66, under which States may choose to provide counsel for postconviction proceedings to defendants convicted in capital cases in exchange for benefitting from streamlined procedures in the federal courts. *See Calderon v. Ashmus*, 523 U.S. 740, 742–43 (1998). But those provisions apply only in capital cases, not Defendant's case. *See* 28 U.S.C. § 2261 ("This chapter shall apply to cases arising under section 2254 brought by prisoners in State custody who are subject to capital sentence.").

Because no reasonable jurist could debate the merits of the district court's dismissal of Defendant's § 2254 application, he is not entitled to a COA.

## III. CONCLUSION

We GRANT Defendant's motion to proceed *in forma pauperis*, DENY his application for a COA, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge