**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD HUDSON,

  Petitioner–Appellant,

v.

MICHAEL MILLER, Warden, Crowley
County Correctional Facility;  THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

  Respondents–Appellees.

No. 13-1281
(D.C. No. 1:12-CV-03305-LTB)
(D. Colo.)

───────────────

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

───────────────

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.


    Edward Hudson, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254

habeas petition and its denial of his motion to reconsider, which was correctly construed

as a Rule 60(b) motion.  We lack jurisdiction over the former and deny a COA on the

latter, and thus dismiss the appeal.

_____

    [*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In 2004, Hudson pled guilty in Colorado state court to second-degree murder, first-degree arson, and one count of a crime of violence. On January 20, 2005, he was sentenced to consecutive terms of imprisonment totaling sixty-three years, plus five years of mandatory parole. Hudson did not file a direct appeal, and thus his conviction became final when the period to file an appeal ended on Monday, March 7, 2005. See Colo. App. R. 4(b) (allowing forty-five days to file a notice of appeal, amended effective July 1, 2012, to allow forty-nine days for appeal); Colo. App. R. 26(a) (stating that if the last day of a period of time allowed by the Rules falls on a weekend or holiday, the period will run until the end of the next court business day).

On May 17, 2005, Hudson filed a motion for a reduction of his sentence pursuant to Colorado Rule of Criminal Procedure 35(b), which was denied on August 22, 2005. Hudson had until October 6, 2005, to appeal that decision, but he did not. See Colo. App. R. 4(b). On October 19, 2006, over a year later, Hudson filed a Rule 35(c) motion for state post-conviction relief, which was ultimately denied on January 27, 2010. Hudson's appeal of that ruling was denied on June 23, 2011, and his petition for a writ of certiorari to the Colorado Supreme Court was denied on October 24, 2011. In 2012 and 2013, Hudson filed additional motions in state court that are irrelevant to the timeliness issue in this appeal.

On December 19, 2012, Hudson filed a § 2254 petition in federal district court,

asserting that: (1) his guilty plea was not knowing and intelligent; and (2) he had received ineffective assistance of counsel.[1] On May 1, 2013, the district court dismissed the petition as barred by the one-year limitations period in 28 U.S.C. § 2244(d), and declined to grant a COA. On June 11, 2013, Hudson filed a document titled "Petition for Panel Rehearing Pursuant to F.R.[App.]P. Rule 40 (a)(1), (2)," which the district court construed as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The district court denied the motion. Hudson filed a notice of appeal on July 3, 2013.

## II

The only question properly before us is whether to grant a COA on the denial of Hudson's post-judgment motion, given that the motion was not timely filed so as to toll the time to appeal the dismissal of his habeas petition. See Fed. R. App. P. 4(a)(4). An appeal from the denial of a Rule 60(b) motion raises for review only the district court's denial of that motion and not the underlying judgment. Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000). We review the district court's denial for an abuse of discretion. Id. Hudson, moreover, may not appeal the district court's decision unless this court grants him a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the

---

[1] In his Combined Opening Brief and Application for COA in the instant appeal, Hudson also states a separate claim that his due process rights were violated because he was not given a competency evaluation and hearing. The scope of our review on this appeal, however, is limited to whether to grant a COA on the district court's denial of Hudson's request for reconsideration of the decision that his habeas petition was time-barred.

applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must show "that reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(quotation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") creates a

"1-year period of limitation" for habeas petitions by state prisoners, which, in Hudson's

case, ran from "the expiration of the time for seeking [direct] review" of his convictions.

See 28 U.S.C. § 2244(d). The one-year period is tolled while "a properly filed

application for State post-conviction or other collateral review . . . is pending." Id. The

district court held that Hudson's petition for habeas relief was untimely under AEDPA's

one-year limitations period. In ruling on Hudson's request to reconsider this decision, the

district court concluded that there were no extraordinary circumstances that would cause

it to reconsider and vacate its order to dismiss the habeas petition as untimely. See

Massengale v. Okla. Bd. of Exam'rs in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994).

Hudson's claim that the district court erred in construing his "Petition for Panel

Rehearing" as a Rule 60(b) motion is unavailing. The district court did not abuse its

discretion in following our precedent and treating the request as a motion for relief from

judgment under Rule 60(b), especially because Hudson did not file it within the

permissible period for a Rule 59(e) motion.  See, e.g., <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991).  Hudson's argument that he lacked familiarity with the law does not change the outcome.  See, e.g., <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000).

Furthermore, regardless of whether the district court evaluated Hudson's filing under Rule 59(e) or Rule 60(b), his habeas petition would be time-barred.  Over a year elapsed between October 6, 2005, the last day on which Hudson could have appealed his motion for a reduction of his sentence (thus re-starting the limitations period), and October 19, 2006, when he filed his first Rule 35(c) motion.  See 28 U.S.C. § 2244(d).[2] Neither this Rule 35(c) motion nor his subsequent state-court filings could extend the time for Hudson to file his habeas petition, because the one-year limitations period had already expired.  <u>Clark v. Oklahoma</u>, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").  We further agree with the district court that equitable tolling is inappropriate in this case.

Hudson additionally argues that because he met all the procedural requirements

---

[2] We note that the original district court order contained minor inaccuracies regarding dates in the procedural history of this case, but they are irrelevant to the result. Hudson's conviction became final on Monday, March 7, 2005, because the forty-five day period for appeal would otherwise have ended over a weekend.  See Colo. App. R. 4(b); Colo. App. R. 26(a).  This does not change the fact that over a year passed, during which the limitations period was not being tolled, before Hudson filed his habeas petition.

for his filings in state court, comity requires that the federal courts hear his habeas petition. State proceedings filed within the one-year limitations period will toll the bar, but those filed after the one-year period, even if they comply with state procedural requirements, do not extend the time to file a § 2254 petition. 28 U.S.C. § 2244(d)(2); Clark, 468 F.3d at 714. The fact that Hudson properly filed requests for post-conviction relief after his habeas petition was time-barred does not render the district court's decision an abuse of discretion.

Finally, we are unconvinced by Hudson's arguments that ineffective assistance of counsel caused him to file his habeas petition in an untimely fashion. Hudson asserts that his attorney failed to comply with his request to file a direct appeal, and abandoned him after his 35(b) motion was denied without informing him that he could appeal that decision. Hudson also received a letter from a second attorney erroneously informing him that time still remained to seek habeas relief in October 2011. We note that Hudson's right to counsel expired when the time period for filing a direct appeal ran out on March 7, 2005. Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008). Even assuming that Hudson could otherwise pursue his ineffective assistance arguments, he cannot show that they were prejudicial. See Strickland v. Washington, 466 U.S. 668, 692 (1984). The district court did not begin counting the limitations period until the time for direct appeal had expired, and considered the period tolled from the time Hudson filed his 35(b) motion until the date to appeal denial of that motion expired. Even if Hudson's

counsel erred in failing to file a direct appeal or failing to appeal the denial of his 35(b) motion, Hudson was aware that the proceedings had ended. He thus had what was left of the one-year period to file his habeas petition. The second attorney's error took place long after the limitations period had ended, so any delay caused by reliance on the letter was immaterial.

## III

Because Hudson's habeas petition was time-barred, the district court did not abuse its discretion in denying his Rule 60(b) motion. We therefore **DENY** Hudson's request for a COA and **DISMISS** the appeal. Hudson's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge