FILED
United States Court of Appeals
Tenth Circuit

February 28, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSÉ CORONADO,

        Petitioner - Appellant,

        v.

RON WARD, Director; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

        Respondents - Appellees.

No. 07-5138

(N.D. Oklahoma)

(04-CV-817-HDC-FHM)

**ORDER**

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

José Coronado, a state prisoner proceeding pro se, has filed an application

for a certificate of appealability (COA), seeking to appeal the district court's

dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254.

Because Mr. Coronado has failed to make "a substantial showing of the denial of

a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his application for a COA

and dismiss this matter.

I. BACKGROUND

Mr. Coronado and his wife, Veronica, were arrested on August 27, 2001,

after a traffic stop by Oklahoma Highway Patrol Trooper Eades led to the

discovery of two duct taped bricks of cocaine in a belt around Ms. Coronado's waist. A jury in Tulsa County District Court convicted Mr. Coronado of Trafficking in Illegal Drugs in violation of OKLA. STAT. tit. 63, § 2-415(C), and the court sentenced him to twenty years' imprisonment. Mr. Coronado appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA issued an unpublished opinion in which it denied each of Mr. Coronado's claims and affirmed the judgment and sentence of the trial court.

Mr. Coronado next filed an application for post-conviction relief in state district court. As grounds for relief, he cited ineffective assistance of trial counsel and ineffective assistance of appellate counsel. The state district court denied relief. Mr. Coronado then appealed the ruling to the OCCA, which affirmed the district court's denial of post-conviction relief.

Mr. Coronado next filed a petition for writ of habeas corpus in federal district court under 28 U.S.C. § 2254. In his petition, Mr. Coronado cited three grounds for relief:[1] (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) insufficiency of evidence to support his conviction. The district court dismissed Mr. Coronado's ineffective assistance of trial counsel claim, finding that it was procedurally barred because it was not

---

[1] Mr. Coronado initially cited prosecutorial misconduct as a fourth basis for relief, but he withdrew the claim after conceding in his reply brief that it lacked merit.

properly raised before the OCCA on direct appeal. The court denied Mr. Coronado's remaining grounds for relief after determining that the OCCA had not unreasonably applied clearly established federal law or made an unreasonable determination of the facts when it denied relief on those grounds. *See* 28 U.S.C. 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

Mr. Coronado then filed an application for a COA in the district court, which the court denied. Mr. Coronado filed an application for COA with this court, seeking to appeal the same issues he raised before the district court. He also contends that the district court erred in denying his motion for an evidentiary hearing and for appointment of counsel.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to this court's review of Mr. Coronado's petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if Mr. Coronado makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, Mr. Coronado must demonstrate that the issues he has raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). We now turn to the issues for which Mr. Coronado seeks a COA.

1.      Ineffective Assistance of Trial Counsel

First, Mr. Coronado maintains that his state court trial counsel was ineffective. The district court found this claim to be procedurally barred because the OCCA dismissed the issue on independent and adequate grounds of state law. *See Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Specifically, the OCCA dismissed Mr. Coronado's post-conviction ineffective assistance of trial counsel claim on the grounds that Mr. Coronado could have raised the issue on direct appeal but did not. Because the district court dismissed this claim on procedural grounds, Mr. Coronado must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court has recognized that Oklahoma's procedural bar on ineffective assistance of counsel claims such as Mr. Coronado's is a valid bar to a federal court's consideration of an ineffectiveness of counsel claim when "trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. *English v. Cody*, 146 F.3d 1257, 1263-64 (10th Cir. 1998). We agree with the district court's resolution of the issue, and, more importantly, we conclude that other jurists of reason would not find the issue to be debatable. Mr. Coronado was represented by different counsel at trial and on appeal. And we agree with the district court that Mr. Coronado's claim could

-4-

have been resolved on the record alone. But even if the trial record was not sufficient, Mr. Coronado has failed to assert that Oklahoma's remand procedure, as provided by Rule 3.11 of the Rules of the Oklahoma Court of Criminal Appeals, would not have permitted him to supplement the record adequately for his ineffectiveness claim on direct appeal.

Moreover, Mr. Coronado's claim is not eligible for our consideration because he cannot show "cause and prejudice" to excuse his default in Oklahoma courts. *See Coleman*, 501 U.S. at 749-50. Namely, Mr. Coronado's briefs before this court point to no evidence suggesting that "some objective factor external to the defense impeded . . . [his] efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Nor can Mr. Coronado demonstrate that a fundamental miscarriage of justice would result if his claim was not considered. This standard requires that Mr. Coronado demonstrate that he is "actually innocent" of the crime of which he was convicted. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Mr. Coronado has undertaken no effort to make such a showing.

2. Ineffective Assistance of Appellate Counsel

Second, Mr. Coronado argues that his counsel on direct appeal was ineffective in failing to argue that his trial counsel was ineffective. In order to receive a COA for this issue, Mr. Coronado must show that reasonable jurists would debate whether the OCCA unreasonably applied *Strickland v. Washington*,

466 U.S. 668, 687 (1984), in determining that Mr. Coronado did not receive ineffective assistance of counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). In order to show that he was entitled to a favorable ruling under *Strickland*, Mr. Coronado must demonstrate that his appellate counsel's performance was deficient and also that he was prejudiced as a result of the deficient performance. *Strickland*, 466 U.S. at 687. In order to make this showing, he must first show that his trial counsel was ineffective.

We agree with the district court that Mr. Coronado's allegations of ineffective assistance at a suppression hearing and at trial are without merit, and we conclude that he is not entitled to a COA for this claim. Mr. Coronado contends that his trial counsel provided constitutionally deficient representation by inadequately preparing for a suppression hearing at which counsel challenged the legality of the traffic stop that led to his arrest. Like the district court, we conclude that Mr. Coronado cannot prevail because, even assuming his counsel's performance was deficient, we find nothing in Mr. Coronado's briefs or the record to suggest that, but for counsel's performance, the result of the suppression hearing would have been different.

Mr. Coronado's counsel obtained pre-trial discovery, exercised five peremptory challenges during jury selection, and cross-examined the state's witnesses. Mr. Coronado's claim regarding ineffectiveness at trial appears to be based primarily on his belief that his counsel should have requested discovery

regarding inducements used by the state to motivate his wife to change her statement regarding ownership of the drugs found on her person. However, as the district court's order points out, Ms. Coronado did not testify at trial. The prosecution instead established Mr. Coronado's ownership of the drugs by admitting into evidence a conversation between Mr. Coronado and his wife that police surreptitiously recorded while the two sat in Trooper Eades's patrol car prior to their arrest.

In short, Mr. Coronado has failed to demonstrate that reasonable jurists would debate whether the OCCA unreasonably applied federal law in concluding that he failed to rebut the "the strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 694. Because Mr. Coronado has demonstrated neither inadequate performance of counsel nor prejudice, he cannot demonstrate that his appellate counsel was constitutionally deficient in failing to raise an ineffective assistance of counsel claim.

3.      Sufficiency of Evidence

Third, Mr. Coronado claims that he is entitled to relief because the prosecution did not present sufficient evidence at trial to support his conviction for Trafficking in Illegal Drugs. The key inquiry under federal law is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond

-7-

a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Under Oklahoma law, the prosecution had to prove to the jury beyond reasonable doubt that Mr. Coronado (1) knowingly, (2) possessed, (3) 28 grams or more of cocaine. OKLA. STAT. tit. 63, § 2-415(C) (2000). Here, the state produced ample evidence to meet its burden. The jury heard testimony from Trooper Eades, who found bricks of cocaine on Ms. Coronado's person. As suggested above, the jury also heard, via recorded translation from Spanish to English, an incriminating conversation between Mr. and Ms. Coronado that was recorded while the two sat in the back of a patrol car. This conversation alone could have allowed a reasonable jury to find the elements of the offense beyond a reasonable doubt. We therefore deny a COA for this claim.

4.     Evidentiary Hearing and Appointment of Counsel

The district court denied Mr. Coronado's habeas petition without conducting an evidentiary hearing, notwithstanding Mr. Coronado's motion for a hearing with the assistance of appointed counsel. Mr. Coronado asserts in his application for COA that the court erred in denying his petition without an evidentiary hearing. We conclude that the district court did not abuse its discretion in denying Mr. Coronado's motion for a hearing and therefore affirm its ruling. *See Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 858 (10th Cir. 2005) ("A district court's decision to grant or deny an evidentiary hearing in a habeas proceeding is reviewed for an abuse of discretion.").

"[The Anti-Terrorism and Effective Death Penalty Act (AEDPA)] strictly limits a federal court's ability . . . to grant evidentiary hearings." *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). Section 2254 provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)&(B); *see also Bryan v. Mullin*, 335 F.3d 1207, 1214 (10th Cir. 2003) (en banc). The district court did not abuse its discretion in determining that Mr. Coronado did not meet this burden.[2] Mr. Coronado has not

---

[2]Mr. Coronado argues that he should not be bound by the standards of Section 2254(e)(2) because he diligently sought before the Oklahoma courts to develop a factual basis for his claims through an evidentiary hearing. If we were to credit Mr. Coronado's arguments, we would assess his contention of error under pre-ADEPA standards. Under that rubric, a petitioner is entitled to an evidentiary hearing so long as his allegations, if true and not contradicted by the existing record, would entitle him to habeas relief. *See Bryan*, 335 F.3d at 1214. As suggested by our analysis of Mr. Coronado's three other claims, we would reach the same conclusion and uphold the district court's denial of an evidentiary

(continued...)

presented this court with evidence that factual predicates for any of his claims could not have been discovered through due diligence. Moreover, Mr. Coronado has not demonstrated that, but for constitutional error, no reasonable factfinder would have found him guilty.

Finally, the district court did not err in failing to appoint counsel for Mr. Coronado. There is no constitutional right to counsel beyond the direct appeal of a criminal conviction, and Mr. Coronado, who was not entitled to an evidentiary hearing, has not demonstrated that he was entitled to counsel. *See Swazo v. Wyoming Dep't of Corr.*, 23 F.3d 332, 333-34 (10th Cir. 1994) (recognizing the right to counsel in a habeas proceeding when the district court determines that an evidentiary hearing is required).

## III. CONCLUSION

For the reasons provided above, we DENY Mr. Coronado's application for COA and DISMISS the matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

---

[2](...continued)
hearing even under pre-ADEPA standards.

-10-