**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JORGE CASANOVA,

        Plaintiff–Appellant,

v.

CHEL HECHTER, New Mexico
Corrections Department, Probation and
Parole Division; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

        Defendants–Appellees.

No. 08-2084
(D.C. No. 1:07-CV-01198-JB-KBM)
(D.N.M.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Jorge Casanova requests a certificate of appealability ("COA") to appeal

the district court's denial of his petition for a writ of habeas corpus under 28

U.S.C. § 2254. Because several of Casanova's arguments were not raised in his

federal habeas petition to the district court, we decline to address the merits of

those claims. On the remainder of his claims, Casanova cannot make a

substantial showing of the denial of a constitutional right. For these reasons, we

deny a COA and dismiss the appeal.

# I

Casanova is a political refugee from Cuba, where he was jailed and tortured. At least in part due to this torture, he is in poor physical and mental health. In the United States, he has worked primarily as a boxing coach, and he was the victim's coach when the incidents underlying his convictions occurred. The victim lodged her original complaint the day after Casanova refused to continue coaching her. The prosecution filed twenty-four charges, five of which were dismissed prior to trial for lack of probable cause. Casanova pleaded not guilty to the remaining nineteen counts and proceeded to trial. The court directed a not guilty verdict as to one count, and the jury convicted him of three counts of contributing to the delinquency of a minor, one count of criminal sexual penetration, one count of criminal sexual contact, and one count of attempted criminal sexual penetration. He was sentenced to nineteen and a half years' imprisonment, of which nine and a half were suspended.

Casanova appealed his convictions to the New Mexico Court of Appeals on seven grounds: (1) insufficiency of the evidence, (2) error in admitting the victim's prior consistent statements, (3) error in prohibiting cross-examination of the victim regarding her relationship with a former coach, (4) error in ruling that an expert's testimony regarding the victim's injuries was reliable and had sufficient foundation, (5) error in permitting opening statements and testimony regarding counseling received by the victim previously undisclosed to Casanova,

(6) error in denying a new trial based on new evidence of perjury by a prosecution witness, and (7) cruel and unusual punishment in imposing a ten-year prison sentence given Casanova's poor health. The Court of Appeals affirmed, dismissing the cruel and unusual punishment claim for lack of preservation and the remaining claims on their merits. Casanova then filed for rehearing, which was denied.

Casanova next petitioned the New Mexico Supreme Court ("NMSC") for a writ of certiorari on the same seven grounds. The NMSC granted the writ only on the prior consistent statement issue. Following briefing and oral argument, however, the court quashed its writ as improvidently granted.

Casanova then filed a motion to reconsider his sentence, a state petition for writ of habeas corpus, and an addendum to that petition. The motion to reconsider and the original petition raised issues of his health, his competence to testify, and ineffective assistance of counsel. The addendum raised five additional grounds for relief: (1) violation of his right to a speedy trial, (2) new evidence regarding the credibility of a prosecution witness, (3) the exclusion of evidence regarding the victim's credibility and temperament, (4) physical impossibility of the commission of the crimes, and (5) insufficiency of the evidence on one count of contributing to the delinquency of a minor. A state district court addressed all three filings in a single order, denying each claim on

the merits.  Casanova then filed a petition for writ of certiorari with the NMSC, which was denied on April 19, 2007.

Casanova timely filed a § 2254 petition for writ of habeas corpus in the District of New Mexico on November 27, 2007.  He raised ten claims relating to: (1) the prohibition of cross-examination of the victim's former coach regarding her relationship with the victim, (2) evidence that the victim's uncle committed perjury, (3) the denial of Casanova's motion for a new trial based on the uncle's alleged perjury, (4) cruel and unusual punishment, (5) the victim's allegedly false testimony regarding the appearance of Casanova's genitalia, (6) the reliability of the prosecution's expert witness and the lack of foundation for the witness's testimony, (7) the admission of undisclosed evidence of counseling received by the victim, (8) the exclusion of evidence of specific conduct reflecting on the victim's temperament, (9) sufficiency of the evidence on one count of contributing to the delinquency of a minor, and (10) violation of Casanova's right to a speedy trial.  The magistrate judge recommended dismissal on the merits of every claim except cruel and unusual punishment, which she recommended be dismissed as moot because Casanova had already been released on parole in March 2007.  Casanova then filed objections to the magistrate's report.  The district court found Casanova's objections meritless and adopted the magistrate's recommendations, denying habeas relief.  It then denied a COA.  Casanova now seeks a COA from this court to appeal that decision.

Construing his application liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), Casanova seeks a COA on seven issues: (1) his competence to testify and assist in his own defense, (2) police and prosecutorial misconduct, (3) prosecutorial and judicial bias, (4) the prohibition of cross-examination of the victim's former coach regarding the victim's temperament, (5) the credibility of the victim's and the victim's uncle's testimony regarding the count of sexual penetration, and (6) insufficiency of the evidence on one count of contributing to the delinquency of a minor by showing her a pornographic video, given the lack of credible evidence that Casanova possessed a VCR.

## II

Because the district court denied Casanova's habeas petition and his application for a COA, he may not proceed on appeal absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Casanova must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires him to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotations omitted).

The first three claims are raised in federal court for the first time in this application for a COA. Ordinarily, we only address issues presented to the district court. <u>United States v. Alcaraz-Arellano</u>, 441 F.3d 1252, 1260 (10th Cir.

2006). We see no reason to depart from this practice for these factually-based claims given that the district court did not have the opportunity to consider the relevant facts.

As his fourth claim, Casanova argues that the testimony of Irene Garcia regarding the temperament of the victim was relevant, and therefore the trial court erred when it prevented him from cross-examining Garcia on the subject. "[T]he state may not arbitrarily deny a defendant the ability to present testimony that is 'relevant and material, and . . . vital to the defense.'" Richmond v. Embry, 122 F.3d 866, 872 (10th Cir. 1997) (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982)) (further quotation omitted). The challenged ruling prevented Casanova from eliciting testimony that may have caused the jury to further question the victim's credibility. Nonetheless, we cannot conclude that the evidence was "vital to the defense." The primary support for the charges against Casanova was the victim's testimony, and thus, the jury's acquittal of Casanova on the majority of the counts reveals that its assessment of the victim's credibility was already quite unfavorable. See Young v. Workman, 383 F.3d 1233, 1238 (10th Cir. 2004) ("Given the other evidence introduced at trial, we are not persuaded the [excluded] evidence . . . would be anything more than cumulative."). Accordingly, reasonable jurists could not debate whether the state court's decision to prevent cross-examination of Garcia regarding the victim's

temperament was contrary to or an unreasonable application of clearly established law as determined by the United States Supreme Court.

Casanova's fifth claim attacks the credibility of the victim's and the victim's uncle's accounts of the incident supporting his conviction for sexual penetration. This is an argument of factual rather than legal error, and it was adjudicated on the merits in state court. Thus, a federal court can grant habeas relief only if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Casanova argues that such an incident would not occur at a dangerous location and that the victim's description of his genitalia was demonstrably false. However, the jury was presented with this information and concluded that the incident occurred, crediting the witnesses' testimony. See United States v. Scheffer, 523 U.S. 303, 313 (1998) ("A fundamental premise of our criminal trial system is that the jury is the lie detector. Determining the weight and credibility of witness testimony, therefore, has long been held to be the part of every case that belongs to the jury . . . ." (quotations omitted)). Reasonable jurists could not debate whether the state court's decision was based on an unreasonable determination of the facts.

Casanova's final claim is that he cannot be convicted of contributing to the delinquency of a minor by showing her a pornographic video because the prosecution did not prove he possessed a VCR. The only evidence that Casanova

possessed a VCR was one officer's testimony—contradicted by another officer's testimony—that he "believed" a VCR was seized from Casanova's home. It is uncontroverted that a pornographic video was seized. This claim was raised and addressed during the state habeas proceedings. The state district court determined that the claim raised a factual dispute that the jury resolved against Casanova, and thus, there was sufficient evidence to convict Casanova. On a sufficiency of the evidence challenge, a habeas court may only consider "'whether, viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>Coronado v. Ward</u>, 517 F.3d 1212, 1216-17 (10th Cir. 2008) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)). Viewing this evidence in the light most favorable to the prosecution, even if the police did not seize a VCR from Casanova's home, a rational juror could have convicted Casanova on this count. Reasonable jurists could not debate this conclusion.

## III

For these reasons, Casanova's request for a COA is **DENIED** and his appeal is **DISMISSED**. His motion to correct the caption is also **DENIED.**

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge