**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEVIN M. BROWN, SR.,

      Petitioner - Appellant,

v.

JOE ALLBAUGH, Director,

      Respondent - Appellee.

No. 16-5135
(D.C. No. 4:14-CV-00142-GKF-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Kevin Maurice Brown, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition. Exercising jurisdiction under 28 U.S.C. § 1291, we deny

Brown a COA and dismiss the appeal.[1]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court has already granted Brown *in forma pauperis* status for this proceeding.

BACKGROUND

In February and March 2010, a man with a chrome handgun robbed six different businesses in Tulsa, Oklahoma, including stores, payday loan offices, a bank, and a hotel. At one of the robberies, the robber handed an employee a note demanding money, written on the front of a loan application. Incredibly, the back of the loan application had been signed and dated by a "Kevin Brown." By March 31, police had an arrest warrant for Brown, and soon afterward a Tulsa detective spotted him driving on a highway. Joining in the chase of Brown, another officer saw Brown throw a chrome object out his car window. Searching for the object, officers found a chrome handgun on the sidewalk. Just over forty-five minutes after the detective had first spotted Brown, Brown stopped fleeing, and police officers took him into custody.

The State of Oklahoma charged Brown with ten felony counts: six for robbery with a firearm (#'s 1, 2, 5, 6, 7, 8), one for first-degree robbery (# 4), two for felon in possession of a firearm (#'s 3, 9), and one for attempting to elude the officers (# 10). Before trial, the court allowed the state to dismiss one of the robbery charges (#5). A jury found Brown guilty of the remaining nine counts. The jury recommended life sentences for the robbery and felon-in-possession convictions, and one year in prison for the attempting-to-elude conviction. The trial judge agreed with the jury's recommendations and ordered eight life sentences—running consecutively—and another consecutive year for attempted eluding.

Brown appealed to the Oklahoma Court of Criminal Appeals (the OCCA), challenging two felon-in-possession charges involving the same firearm. He also argued

that he had received ineffective assistance of counsel and that his sentence was cruel and unusual. Though Brown had counsel for his appeal, he still filed a pro se supplemental brief, with the OCCA's permission, arguing two more grounds: (1) that the State of Oklahoma had failed to tell him that officers involved in his case were included in a large federal investigation concerning corruption within the Tulsa police department, and (2) that his trial counsel had rendered ineffective assistance of counsel by not objecting to the trial court's sealing of the discovery-hearing record.

Based on witness descriptions of the gun used in the robberies, the OCCA found it likely that Brown had used the recovered chrome gun in all five armed robberies. So the OCCA concluded that the trial court had erred in allowing two felon-in-possession charges based on the same firearm. The OCCA reversed the second firearm-possession count, count #9, on double-jeopardy grounds. The court affirmed the eight other convictions and sentences. As for Brown's two pro se supplemental arguments, the OCCA vacated its order allowing the supplemental pro se filing as "improvidently granted," and left those two arguments undecided. R., vol. 1 at 114.

Proceeding pro se, Brown then sought post-conviction relief. The state district court grouped his claims into five categories of error: (1) that Brown's appellate counsel had rendered ineffective assistance by not raising the issue of the federal investigation into corruption within the Tulsa Police Department; (2) that trial counsel had rendered ineffective assistance by not making Oklahoma disclose all exculpatory evidence and by not challenging the sealing of the record of discovery proceedings; (3) that the state prosecutor lacked authority to prosecute Brown because he had accepted a position as a

3

federal prosecutor; that the state prosecutor had withheld exculpatory materials; and that the state prosecutor's Information against Brown contained conclusory information and hearsay, and a judge had not verified it; (4) that Brown had a new expert witness to prove ineffective assistance, that a recent United States Supreme Court decision affected his case, that the trial court lacked jurisdiction, that his right to a speedy trial had been violated, and that the statutory definition of life imprisonment was 18-60 years; and (5) that his appellate counsel had failed to raise a prosecutorial-misconduct claim. The state district court denied relief on all grounds. On appeal, the OCCA denied relief on all grounds.

Brown then filed a petition for habeas corpus relief with federal district court in the Northern District of Oklahoma. The district court categorized Brown's claims into five grounds for relief: (1) that his trial counsel had been ineffective by not raising issues of Tulsa Police Department corruption; (2) that the prosecution had failed to disclose the exculpatory evidence of Tulsa Police Department corruption; (3) that Brown's appellate counsel had been ineffective in not raising this second ground; (4) that Brown's sentence was cruel and unusual; and (5) that the state prosecutor had no authority to prosecute Brown because of his appointment as a special federal prosecutor.[2]

The federal district court found that Brown had properly exhausted his five habeas grounds in state court. But it still held that grounds (1), (2), (3), and (5) were procedurally barred. Though Brown did present those grounds in his initial post-conviction relief

_____

[2] The record is unclear whether the state prosecutor had merely received authority to act as a Special Assistant United States Attorney in some circumstances, still retaining his state employment.

4

application in the state district court, he amended those claims on appeal to the OCCA. The OCCA found that those changes included new arguments and document references that Brown had not put before the state district court. The OCCA held that the new claims were procedurally barred because—in non-capital appeals—a defendant cannot appeal issues not raised in the district court. *See* Rule 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2014). The federal district court held that the OCCA's procedural bar was an independent and adequate state ground that precluded federal habeas review, based on our previous holding that the similar Rule 5.2(C) is such a ground, *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (holding that petitioner's desired habeas review was barred because he had failed to file a Petition in Error and the state district court order denying relief). The federal district court also held that Brown had shown no external cause for the default or any fundamental miscarriage of justice that would excuse the procedural bar.

As for Brown's fourth ground, the federal district court concluded that Brown's sentence was not cruel and unusual. Because the state sentences fell within the statutory ranges, the federal district court deferred to the State of Oklahoma and denied relief. The district court also denied Brown an evidentiary hearing and a COA. Brown now asks us to grant him a COA.

## DISCUSSION

### A. Procedural Bar

Brown is proceeding in this appeal pro se, so we construe his pleadings liberally, but we do not serve as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir.

5

2008). To obtain a COA, Brown must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We are limited to a threshold inquiry into the merits of Brown's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The federal district court denied Brown's claims one, two, three, and five, on procedural grounds, so for those Brown must establish that reasonable jurists would find it debatable both whether his petition states a valid claim of the denial of a constitutional right and whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find debatable the correctness of the district court's decision that Brown's claims one, two, three, and five are procedurally barred. We have held that the OCCA's Rule 5.2(C)—which sets out procedural requirements for filing for post-conviction relief—is an adequate and independent state ground that precludes federal habeas review. *Duvall*, 139 F.3d at 797. Here, the district court concluded that Rule 5.2(A)—which precludes defendants from raising new issues to the OCCA—is a procedural rule similar enough to Rule 5.2(C) to also constitute an adequate and independent state ground. Brown gives us no reason to doubt the district court's conclusion that the two rules are similar enough that a state procedural bar based on Rule 5.2(A) precludes federal habeas review.[3]

---

[3] Two unpublished decisions, one by a district court and one by a magistrate, also found Rule 5.2(A) to be an independent and adequate state ground. *Hyatt v. Rudek*, No. CIV-10-1396-F, 2011 WL 3348225, at *3 (W.D. Okla. June 28, 2011); *Boomershine v. Oklahoma*, No.04-CV-0170-CVE-PJC, 2007 WL 1235464, at *7-8 (N.D. Okla. April 26, 2007).

A petitioner can overcome a procedural bar resulting from a court's reliance on an independent and adequate state ground if he either demonstrates an external cause for the procedural default and actual prejudice from the alleged federal law violation, or shows that a failure to consider his claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 772, 750 (1991). Brown has not alleged any external cause to excuse his procedural bar. Nor has he alleged actual innocence, which is the only context in which the fundamental miscarriage of justice exception applies. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

And the question of whether the OCCA was correct to hold that, even though Brown had submitted his claims to the state district court first, his changes to his application on appeal constituted new arguments worthy of a procedural bar, is beyond our purview. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Even were we to think that the OCCA had misconstrued state law and thereby wrongly cut off Brown's post-conviction relief attempt, the arena of state courts interpreting state law would still be off limits to our federal habeas review. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("Assuming the contention is correct and the Oklahoma court mistakenly construed the statute, the error is one of state law not cognizable in habeas corpus because 'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The OCCA's ruling was based on its reading of its own Rule 5.2(A) and we cannot disturb it.

**B.      Sentence**

For us to grant Brown a COA for his cruel and unusual sentence claim, which the district court denied on its merits, Brown must demonstrate that reasonable jurists would find that denial "debatable or wrong." *Slack*, 529 U.S. at 484. Federal habeas review of state sentences generally ends if a sentence is within the range that the relevant state statutes allow. *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000).

Reasonable jurists would not find it debatable whether the district court was wrong to deny Brown relief on his claim against his prison sentence. The district court was correct that Brown's eight life sentences and his one-year sentence were each within their relevant statutory ranges, which ended its review and ends ours.

**C.      Evidentiary Hearing**

We also agree with the district court that no evidentiary hearing is required. We review the denial of an evidentiary hearing in a habeas proceeding for abuse of discretion. *Coronado v. Ward*, 517 F.3d 1212, 1217 (10th Cir. 2008). An evidentiary hearing gives a habeas petitioner a chance to establish facts that allow her relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). But the district court was correct that there are no disputed facts that would win relief for Brown in the face of the twin legal challenges of a state procedural bar and the limited nature of federal habeas review of state sentencing. Therefore, we affirm the district court's decision not to grant Brown a hearing.

**CONCLUSION**

For the reasons above, we deny Brown a COA on the district court's denial of his petition for a writ of habeas corpus and affirm the denial of his motion for an evidentiary hearing, and so dismiss the appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge