FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TERRY DALE LOMACK,

    Petitioner - Appellant,

v.

JIM FARRIS,

    Respondent - Appellee.

No. 24-6217
(D.C. No. 5:03-CV-01008-HE)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **PHILLIPS**, **EBEL**, and **McHUGH**, Circuit Judges.

_____

Terry Dale Lomack is serving sentences in an Oklahoma prison.  In 2016, the federal district court dismissed his 28 U.S.C. § 2254 habeas application.  In 2024, Mr. Lomack moved for relief from the 2016 judgment under Federal Rule of Civil Procedure 60.  The district court dismissed the motion, and Mr. Lomack seeks a certificate of appealability so that he can appeal.[1]  We deny his request.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Lomack represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## *Background*

Mr. Lomack's Rule 60 motion alleged that the attorney appointed to represent him in the earlier habeas proceedings committed fraud on the court. Mr. Lomack posited that the attorney, then the Federal Public Defender for the Western District of Oklahoma, had not in fact been appointed to represent him. She had instead, the theory goes, dishonestly claimed to have been appointed to represent him with the goal of getting the district court to deny his habeas application. The foundation for this theory is a 2015 order appointing the Federal Public Defender to represent the "defendant" while identifying Mr. Lomack as the plaintiff:



IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TERRY DALE LOMACK,

　　　　　Plaintiff

　　　vs.　　　　　　　　　　　　　　　　No. CIV-03-1008-C

RON WARD, Director

　　　　　Defendant

ORDER APPOINTING COUNSEL

The above-named defendant having completed an affidavit as to financial ability to employ counsel, and upon review the Court finds:

_XX__　　　　That the affiant is financially unable to obtain counsel.

_XX_　The Federal Public Defender is appointed to represent the above-named defendant in all further proceedings unless and until relieved by order of the Court.

Suppl. R. at 3.

The district court resolved the Rule 60 motion on procedural grounds. Labelling the motion an unauthorized second or successive habeas application, the court dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). And even if the motion were not considered a second or successive habeas application, the court concluded, it would be denied as untimely under Rule 60.

### *Discussion*

To obtain a certificate of appealability, Mr. Lomack must show that reasonable jurists could debate both whether he stated a valid constitutional claim and whether the district court's procedural rulings were correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court's procedural rulings are at least debatable. The court should not have treated Mr. Lomack's motion as an unauthorized habeas application because the motion did not present a claim for relief from his Oklahoma judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). It instead alleged a "defect in the integrity of the federal habeas proceedings." *Id.* at 532. And the timing of Mr. Lomack's motion presented no barrier to relief because it alleged fraud on the court, an issue not subject to time limits. *See United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002); Fed. R. Civ. P. 60(d)(3).

But Mr. Lomack fails to show that a reasonable jurist could find a debatable constitutional claim in his motion. The only specific constitutional right he mentions in his brief is the Sixth Amendment right to obtain counsel of his choice. We understand him to argue that this right was violated through the Federal Public Defender's

3

representing him in habeas proceedings. The right to counsel of one's choice is a corollary of the right to counsel itself. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). But there is no *constitutional* right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Besides, the cornerstone of Mr. Lomack's motion—his claim that the district court never actually appointed counsel to represent him—is meritless. The court obviously made a clerical error when it purported to appoint the Federal Public Defender to represent the "defendant." Suppl. R. at 3. Because Mr. Lomack's fundamental claim is plainly baseless, no valid constitutional claim could come of it.

### Disposition

We grant Mr. Lomack's motion to proceed without prepaying costs or fees. We deny his application for a certificate of appealability. We dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk